UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ZIPLINK, INC., | |
| Plaintiff, | Civil Action No. 3:12-cv-01548-CSH |
| v. | |
| GODADDY.COM, INC., | June 5, 2013 |
| Defendant. | |

**FORM 26(f) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed:        November 1, 2012

Date Complaint Served:       March 1, 2013

Date of Defendant's Appearance:   March 22, 2013

    Pursuant to Fed. R. Civ. P. 16(b) and D. Conn. L. Civ. R. 16, a conference was held on May 24, 2013.  The participants were:

    Steven M. Coyle and Andrew C. Ryan of Cantor Colburn LLP, for Plaintiff, Ziplink, Inc.

    Elizabeth J. Stewart of Murtha Cullina LLP and Brian W. LaCorte of Ballard Spahr, LLP, for Defendant, GoDaddy.com, Inc.

**I.**     **Certification**

    Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

**II.      Jurisdiction**

     A. <u>Subject Matter Jurisdiction</u>

This case arises under the patent laws of the United States, Title 35, United States Code. Subject matter jurisdiction is proper in this Court pursuant to Title 28, United States Code §§ 1331 and 1338(a).

     B. <u>Personal Jurisdiction</u>

Personal jurisdiction is not contested.

**III.     Brief Description of Case**

     A.      <u>Claims of Plaintiff</u>

The plaintiff, Ziplink, Inc. ("Ziplink"), has brought claims of patent infringement against the defendant, GoDaddy.com, Inc. ("Go Daddy"). Ziplink is the owner by assignment of U.S. Patent No. 7,672,998 ("the '998 patent") and U.S. Patent No. 8,271,596 ("the '596 patent"), both of which are generally directed to technology that allows control of outgoing messages, such as e-mail messages, from an originator computer system. Ziplink alleges that Go Daddy's internet email services infringe the '998 and '596 patents. Ziplink seeks damages and injunctive relief for Go Daddy's infringement of its patents.

     B.      <u>Defenses of Defendant</u>

The defendant Go Daddy denies that it infringes the '998 patent and '596 patent, and denies that Ziplink is entitled to any relief. Go Daddy further alleges that the claims of the '998 patent and '596 patent are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, and 112. Go Daddy further alleges that Ziplink's claims are barred in whole or part by laches, unclean hands, failure to mark, and 35 U.S.C. § 286. Go Daddy also alleges that the '998 patent and '596 patent are unenforceable based on the doctrine of patent misuse.

**IV.    Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Ziplink is a corporation organized and existing under the laws of Delaware, having a principal place of business at 40 Woodland Street, Hartford, Connecticut, 06105.

2. Go Daddy is a corporation organized under the laws of the State of Delaware, with its principal place of business at 14455 North Hayden Road, Suite 219, Scottsdale, AZ 85260.

3. The '998 patent was issued by the United States Patent and Trademark Office on March 2, 2010 and a copy of the '998 patent was attached as Exhibit A to plaintiff's complaint.

4. The '596 patent was issued by the United States Patent and Trademark Office on September 18, 2012 and a copy of the '596 patent was attached as Exhibit B to plaintiff's complaint.

**V.    Case Management Plan**

   A.    <u>Standing Order on Scheduling in Civil Cases</u>

The parties request modification of any deadlines in the Standing Order on Scheduling in Civil Cases as delineated below.

   B.    <u>Scheduling Conference with the Court</u>

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

  C. <u>Early Settlement Conference</u>

  1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement discussions have been ongoing and productive. In fact, the parties have recently reached an agreement in principle and anticipate filing a stipulation of dismissal shortly.

  2. The parties do not request an early settlement conference.

  3. In the event that there is a Court assisted settlement conference, the parties prefer a settlement conference with a special master.

  4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R.36.

  D. <u>Joinder of Parties and Amendment of Pleadings</u>

The parties should be allowed until September 15, 2013 to join additional parties and until October 15, 2013 to file motions to amend the pleadings, unless there is good cause shown or by consent of the opposing party in accordance with the Federal Rules of Civil Procedure.

  E. <u>Discovery</u>

  1. The parties anticipate that discovery will be needed on the following subjects: (a) infringement of the '998 and '596 patents, including the design, function and operation of Go Daddy's internet email system, (b) validity and enforceability of the '998 and '596 patents, and (c) damages, including the amount of a reasonable royalty.

  2. Fact discovery will commence immediately.

  3. Discovery will be conducted in phases, and will be conducted as follows:

    i. Go Daddy will make its source code available to Ziplink for inspection by July 31, 2013.

    ii.    Ziplink shall serve its preliminary infringement contentions by August 31, 2013.

    iii.    Go Daddy shall serve its preliminary invalidity contentions by September 30, 2013.

    iv.    Exchange of proposed terms and claim elements for construction by October 15, 2013.

    v.    Exchange of proposed constructions by November 15, 2013.

    vi.    Meet and confer regarding claim construction by December 6, 2013.

    vii.    Completion of discovery regarding claim construction issues by January 15, 2014.

    viii.    Submission of joint claim construction statement by January 24, 2014.

    ix.    Opening claim construction briefs filed by each party by January 31, 2014.

    x.    Responsive claim construction briefs filed by February 28, 2014.

    xi.    Claim construction hearing on a date to be set by the Court.

4.    The parties request that the Court set the remaining deadlines for fact and expert discovery, including for the exchange of expert reports, after the claim construction ruling. However, the parties request that the close of fact discovery be no earlier than 60 days following the claim construction ruling.

5.    The parties anticipate that the Plaintiff will require a total of up to 10 depositions of fact witnesses and the Defendants will require a total of up to 10 depositions of fact witnesses. These depositions will be completed by the close of fact discovery at a time set by the Court after the claim construction ruling.

6.    At this time, the parties do not anticipate requesting permission to serve more than

twenty-five (25) interrogatories.

7. Plaintiffs and Defendants may each call one or more experts at trial. Discovery of such experts shall be as follows:

   a. To the extent any party has asserted a claim with respect to which it has the burden of proof and with respect to which the party intends to rely on expert testimony, that party shall designate and provide opposing counsel with an expert report(s) pursuant to Fed. Civ. P. 26(a)(2) by a deadline to be set by the Court following the claim construction ruling, but no earlier than 30 days following the close of fact discovery.;

   b. The parties shall designate and provide opposing counsel with rebuttal expert reports pursuant to Fed. Civ. P. 26(a)(2) by a deadline to be set by the Court following the claim construction ruling, but no earlier than 45 days following the deadline for service of opening expert reports.

   c. All expert depositions shall be completed by the close of expert discovery at a time set by the Court after the claim construction ruling.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by the deadline for serving initial expert reports.

9. Undersigned counsel have discussed the disclosure of electronically stored information, including, but not limited to, the form in which highly confidential source code will be produced.  In particular, the parties have agreed that source code shall be made available for inspection during regular business hours upon being give at least seven business days' notice.  The parties have further agreed that the party inspecting the source code may request a reasonable number of

pages of source code to be printed.  The details of this arrangement will be outlined in a Protective Order.  The parties further agree that all other electronically stored information shall be produced in single page TIFFs.

10. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree that inadvertent production does not constitute a waiver of any applicable privilege, and the details of such arrangement will be outlined in a Protective Order.

F. Dispositive Motions

Dispositive motions will be filed on or before a date to be set by the Court following the claim construction ruling.

G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memorandum in Civil Cases will be filed on or before a date to be set by the Court following the claim construction ruling.

**VI. Trial Readiness**

The case will be ready for trial within thirty (30) days following submission of the parties' Joint Trial Memorandum.
As officers the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated this 5th day of June, 2013.

Respectfully submitted,

| | |
|---|---|
| By: /s/Steven M. Coyle<br>Steven M. Coyle, Esq. (ct21039)<br>Andrew C. Ryan, Esq. (ct21565)<br>**CANTOR COLBURN LLP**<br>20 Church Street, 22nd Floor<br>Hartford, CT 06103<br>Phone: 860-286-2929<br>Fax: 860-286-0115<br>Email: scoyle@cantorcolburn.com<br>          ryan@cantorcolburn.com | By: /s/ Elizabeth J. Stewart<br>Elizabeth J. Stewart, Esq. (ct01316)<br>**MURTHA CULLINA LLP**<br>Whitney Grove Square<br>2 Whitney Avenue, 4th Floor<br>New Haven, CT 06510<br>Phone: 203-772-7710<br>Fax:  203-772-7723<br>Email: estewart@murthalaw.com<br><br>Brian W. LaCorte, Esq. *(pro hac vice)*<br>**BALLARD SPAHR, LLP**<br>1 East Washington, Suite 2300<br>Phoenix, AZ 85004-2555<br>Phone: 602-798-5449<br>Fax: 602-798-5595<br>Email: lacorteb@ballardspahr.com |
| **ATTORNEYS FOR PLAINTIFF**<br>**AND COUNTERCLAIM DEFENDANT** | **ATTORNEYS FOR DEFENDANT**<br>**AND COUNTERCLAIM PLAINTIFF** |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2013, a copy of the foregoing was filed electronically and served by mail on any party unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Steven M. Coyle
Steven M. Coyle, Esq.